UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PETER THOMPSON,

                Petitioner,

        -against-

GREGORY KADIEN, SUPERINTENDENT,

                Respondent.
----------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

09-CV-3284 (RJD)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 06 2009
P.M.
TIME A.M.

DEARIE, Chief Judge:

Petitioner Peter Thompson, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

Background

On April 23, 1998, petitioner was convicted of three counts of robbery in the first degree, upon a jury verdict, before the New York Supreme Court, Kings County, and he was sentenced to 12 ½ to 25 years imprisonment. See Petition at ¶¶ 1-5. On October 30, 2000, the Appellate Division affirmed the conviction, People v. Thompson, 276 A.D.2d 811 (2d Dep't 2000), and the New York Court of Appeals denied leave to appeal on January 23, 2001, People v. Thompson, 96 N.Y.2d 739 (2001). Petitioner did not file a writ of certiorari to the United States Supreme Court. See Petition at 3, ¶ 9(h).

Discussion

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on or about April 23, 2001, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, 549 U.S. 327, 334 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition should have been filed in federal court on or before April 23, 2002. This petition dated July 13, 2009, was filed with this Court long after the one year limitations period had already expired. Therefore, the petition is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

Tolling

A.  Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). On November 20, 2007, petitioner filed a post-conviction motion under New York C.P.L. § 440.10 ("440 motion") which was denied on January 31, 2008 and he also filed a petition for a writ of error coram nobis on October 21, 2008 which was denied on February 10, 2009. Petition at 4-5. Neither of these post-conviction motions can serve to toll the period of limitations since they were both filed after the one year period of limitations had already expired.

B.  Equitable Tolling

The limitations period may also be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 549 U.S. at 336 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). The Second Circuit has held that equitable tolling should be applied only in "'rare and exceptional circumstances.'" Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Smith, 208 F.3d at 17). As currently presented, petitioner does not provide a basis for seeking equitable tolling.

3

Conclusion

Accordingly, the Court directs petitioner to show cause by written affirmation,[2] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. Day v. McDonough, 547 U.S.198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions). Petitioner's affirmation should present any facts which would support equitable tolling of the period of limitations, if applicable. No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
       8/3    , 2009

---

[2] An affirmation form is attached to this order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

PETER THOMPSON,

                Petitioner,

-against-

GREGORY KADIEN, SUPERINTENDENT,

                Respondent.
_____X

**PETITIONER'S AFFIRMATION**

**09-CV-3284 (RJD)**

      PETER THOMPSON, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____  

_____  
Signature & Identification Number

_____  
Address

_____

_____  
City, State & Zip Code