UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X     NOT FOR PUBLICATION
PETER THOMPSON,

                      Petitioner,                    MEMORANDUM
                                                AND ORDER
    -against-

                                                   09-CV-3284 (RJD)

GREGORY KADIEN, SUPERINTENDENT,

                      Respondent.
------------------------------------------------------------X
DEARIE, Chief Judge:

        Petitioner Peter Thompson, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court conducted an initial consideration of this petition and determined that the petition was time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). By Memorandum and Order dated August 5, 2009, the Court directed petitioner to show cause why the petition should not be dismissed as time-barred. On August 27, 2009, petitioner filed an affirmation. For the reasons set forth below, the petition is dismissed as time-barred.

Background

        On April 23, 1998, petitioner was convicted of three counts of robbery in the first degree, upon a jury verdict, before the New York Supreme Court, Kings County, and he was sentenced to 12 ½ to 25 years imprisonment. See Petition at ¶¶ 1-5. On October 30, 2000, the Appellate Division affirmed the conviction, People v. Thompson, 276 A.D.2d 811 (2d Dep't 2000), and the New York Court of Appeals denied leave to appeal on January 23, 2001, People v. Thompson, 96 N.Y.2d 739 (2001). Petitioner did not file a writ of certiorari to the United States Supreme Court. See Petition at 3, ¶ 9(h).

Discussion

The AEDPA set a one-year statute of limitations from the date the conviction becomes final for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1)(A).[1] Here, petitioner's conviction became final on or about April 23, 2001, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, 549 U.S. 327, 334 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition should have been filed in federal court on or before April 23, 2002. Instead, the petition was filed on July 13, 2009, over seven years after the one year limitations period had already expired. Therefore, the petition is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

Affirmation

Petitioner argues that he is entitled to tolling since he filed a post-conviction motion under New York C.P.L. § 440.10 ("440 motion") on November 20, 2007 which remained pending until the Appellate Division, Second Department denied his appeal on July 28, 2008, and that he filed a petition for a writ of error coram nobis on September 19, 2008 which remained pending until June 4, 2009 when the New York Court of Appeals denied leave to appeal. Petitioner's Aff. at 1-4, 7-8. Petitioner also argues that the law library at Gowanda Correctional Facility "ran out of typewriter ribbons. This was a major delay for Petitioner getting to THIS COURT sooner." Id. at 4. Finally, petitioner argues that his attorney "failed to inform Petitioner when the Court of Appeals denied Petitioner entry. Petitioner did not know that he was denied until writing the Court of Appeals a year afterwards to check out the status of the leave application." Id. at 5.

---

[1] Petitioner does not state any facts to conclude that other triggering dates are applicable as set forth in 28 U.S.C. § 2244(d)(1)(B)-(D).

2

Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). Here, although the 440 motion and the writ of error coram nobis were pending through July 28, 2008 and June 4, 2009, respectively, these post-conviction motions cannot toll the limitations period because they were both filed by petitioner well after the one year period had already expired on April 23, 2002. See Petition at 4-5; Petitioner's Aff. at 1-4. Thus, there is no basis for statutory tolling.

The limitations period may also be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 549 U.S. at 336. The Second Circuit has held that equitable tolling should be applied only in "'rare and exceptional circumstances.'" Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Smith, 208 F.3d at 17). Here, the failure to provide typewriter ribbons is not an extraordinary circumstance since the federal court does not require that habeas corpus petitions be typewritten, only that the petition be legible. Petitioner's allegation that his attorney failed to notify him of the Court of Appeal's decision does not warrant equitable tolling since he does not show that he acted with reasonable diligence. He alleges that the did not learn of the Court of Appeals decision until he wrote to that court "a year afterwards to check out the status of the leave application," Petitioner's Aff. at 5. He does not provide the exact date he inquired into the status of his case.

3

In Diaz v. Kelly, 515 F.3d 149 (2d Cir. 2008), the Second Circuit held that equitable tolling should apply to a petitioner who did not receive notice of the Appellate Division decision because he inquired about the status of his case within a reasonable period of time. In Diaz, the petitioner inquired into the status of his case within nine months after the application seeking leave to appeal the denial of his 440 motion had been filed and once notified of the state court's decision, promptly filed his federal habeas corpus petition the following day. Id. at 155. Although petitioner does not provide the exact date he inquired as to the status of his leave application with the Court of Appeals or even the actual date he learned that his application had been denied, he does allege that he "had not signed for any legal mail within a one year period from when the leave application was filed." Petitioner's Aff. at 5. Assuming that petitioner did not learn of the Court of Appeals decision until sometime in 2002, at least a year after the decision was entered, he does not show reasonable diligence since he took no action between 2002 and 2007, and he does not explain this significant gap in time or provide any other basis for equitable tolling of this period of time.

Conclusion

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred pursuant to 28 U.S.C. § 2244(d). As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal.

SO ORDERED.

Dated: Brooklyn, New York
September / /, 2009

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge